Alex Darcy, Esq. (CSBA No. 189315)
adarcy@askounisdarcy.com
Attorney for Plaintiff
FIRESTONE FINANCIAL LLC d/b/a FFC Financial
Askounis & Darcy, PC
444 N. Michigan Avenue, Suite 3270
Chicago, IL 60611
(312) 784-2400 (t)
(312) 784-2410 (f)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| FIRESTONE FINANCIAL, LLC d/b/a FFC FINANCIAL,<br><br>Plaintiff,<br><br>v.<br><br>ERICK L. LEGNER d/b/a SWEET VEND<br><br>Defendant. | Case No.<br><br>**Verified Complaint** |

**VERIFIED COMPLAINT FOR BREACH OF CONTRACT,**
**WRIT OF ATTACHMENT, AND WRIT OF POSSESSION**

NOW COMES FIRESTONE FINANCIAL, LLC d/b/a FFC FINANCIAL ("Firestone") by and through counsel, and for its Complaint against ERICK L. LEGNER d/b/a SWEET VEND ("Legner" or "Defendant"), states as follows:

**PARTIES**

1.  Firestone is a Massachusetts limited liability company registered under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 117 Kendrick St., Suite 200, Needham, Massachusetts 02495. Firestone's sole member is Berkshire Bank, a Massachusetts-chartered banking corporation. Berkshire Bank's principal place of business is

1

VERIFIED COMPLAINT

located at 24 North St., Pittsfield, Massachusetts 02101.

2. Legner is a citizen of the State of California domiciled in Big Bear City, California.

**JURISDICTION AND VENUE**

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1). The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), because the Defendant resides in this district. Venue is also proper, because the property to be recovered pursuant to this Complaint is located in this district.

**FACTS COMMON TO ALL COUNTS**

5. On September 18, 2017, Firestone and Legner entered into a Commercial Security Agreement (the "Security Agreement"), wherein Legner granted Firestone a security interest in certain collateral as defined therein, including a first priority security interest in the equipment listed on Schedule A to the Security Agreement (the "Collateral"). A true and correct copy of the Security Agreement is attached hereto as Exhibit 1.

6. Also on September 18, 2017, Legner executed a Promissory Note (the "Note," collectively with the Security Agreement identified as the "Loan" or "Loan No. xxx7480") in favor of Firestone for the principal amount of $224,450.00, in accordance with the contemporaneously executed Security Agreement. True and correct copies of the Note and any extensions to the same are attached hereto as Exhibit 2.

7. Under the Note, Legner agreed to make three (3) monthly payments of $0.00, followed by fifty-seven (57) consecutive monthly payments of $5,088.00, all as set forth in detail in the Note, as deferred from time to time. *See* Exhibit 2.

8. Pursuant to the Loan, on September 14, 2017, Firestone filed its UCC-1 Financing

2

VERIFIED COMPLAINT

Statement, reflecting its security interest in the Collateral. A true and correct copy of Firestone's UCC-1 Financing Statement is attached hereto as Exhibit 3.

9. Firestone has performed all of its obligations under the Loan.

10. Legner defaulted under the Loan by failing to make payment when due, following six (6) months of COVID-19 payment relief, which deferred six (6) months of payments under the Loan. *See* Exhibit 2.

11. Upon an Event of Default, as defined in the Note and Security Agreement, Firestone is entitled to immediate payment of the unpaid principal balance of the Note and all accrued unpaid interest, plus default interest at the agreed upon rate of eighteen percent (18%) per annum and late fees. Firestone is further entitled to immediate possession of the Collateral, and all additional damages specified as a remedy after default. *See* Security Agreement; Note.

12. As a result of Legner's default under the Loan, Firestone is entitled to payment of $151,089.84 for the unpaid principal balance of the Note, $11,035.86 for accrued unpaid interest, and $1,272.00 for late charges, for a total of $163,397.70.

13. Firestone is further entitled to attorneys' fees and costs pursuant to the Loan. *See* Note.

14. Legner has failed to pay the balance due under the Loan, despite demand.

15. As a result of Legner's default under the Loan, Legner is contractually obligated to deliver all or a portion of the Collateral to Firestone, at a place to be designated by Firestone. *See* Security Agreement.

16. Firestone duly demanded delivery of the Collateral, but Legner failed to deliver the Collateral to Firestone.

## COUNT I
## BREACH OF CONTRACT AGAINST LEGNER

17. Firestone repeats and realleges Paragraphs 1 through 16 as though fully set forth herein as Paragraph 17 of its Complaint.

18. Firestone has performed all of its obligations under the Loan.

19. Legner has defaulted under the Loan by failing to make all necessary payments when due.

20. Because of Legner's default under the Loan, Legner is indebted to Firestone under the Loan for the total balance of $163,397.70, plus prejudgment interest of 18% per annum from the date of default to the entry of judgment, plus attorneys' fees and costs.

WHEREFORE, FIRESTONE FINANCIAL, LLC d/b/a FFC FINANCIAL respectfully requests that this Court enter judgment in its favor and against ERICK L. LEGNER d/b/a SWEET VEND in the amount of $163,397.70, plus prejudgment interest of 18% per annum from the date of default to the entry of judgment, plus attorneys' fees and costs, and grant such other and further relief as this Court deems just.

## COUNT II – WRIT OF ATTACHMENT
## UNDER CALIFORNIA CODE OF CIVIL PROCEDURE
## 484.010, *ET SEQ.*

21. Firestone repeats and re-alleges Paragraphs 1 through 20 as though fully set forth herein as Paragraph 21 of its Complaint.

22. This claim is brought pursuant to California Code of Civil Procedure Section 484.010, *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652 and Federal Rule of Civil Procedure 64, because the Collateral is located in California.

23. Firestone is entitled to possession of the Collateral as a result of the Defendant's payment default under the Loan.

VERIFIED COMPLAINT

24. The attachment is sought to secure the recovery on a claim upon which an attachment may be issued.

25. The amount to be secured by the attachment is $163,397.70, as of December 18, 2020, plus prejudgment interest at the rate of eighteen percent (18%) per annum and attorneys' fees through the date of any judgment, and costs.

26. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

27. Firestone has no information or belief that the claim is discharged in a proceeding under Title 11 of the United States Code (Bankruptcy) or that the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

28. The Collateral to be attached under the writ of attachment is described in Schedule A to Exhibit 1, and is generally described as video arcade games, crane machines, and bill changers. *See* Exhibit 1.

29. Upon information and belief, the Collateral is located at 970 Tinker Bell Avenue, Big Bear City, California 92314, or such other location as Firestone may determine through discovery.

30. Firestone is informed and believes that the Collateral is subject to attachment.

31. Firestone is entitled to judgment on the claim upon which the attachment is based.

32. Firestone will suffer great or irreparable injury if the writ of attachment is not issued immediately, because the Collateral may be the only recovery that Firestone obtains in this suit.

33. The Collateral sought to be attached is not exempt from attachment.

WHEREFORE, FIRESTONE FINANCIAL, LLC d/b/a FFC FINANCIAL respectfully requests that this Court enter judgment in its favor and against ERICK L. LEGNER d/b/a SWEET VEND and: (a) enter a right to attach order pursuant to CA CCP § 484.090; (b) determine that the

Collateral sought to be attached, or the portion thereof to be described in the writ, is not exempt from attachment; (c) direct the issuance of a Writ of Attachment for the Collateral upon the filing of an undertaking as provided by CA CCP §§ 489.210 and 489.220; and (d) grant such other and further relief as this Court deems just.

### COUNT III – WRIT OF POSSESSION (CLAIM AND DELIVERY)

34. Firestone repeats and re-alleges Paragraphs 1 through 33 as though fully set forth herein as Paragraph 34 of its Complaint.

35. This action is brought pursuant to California Code of Civ. Pro. § 512.010, *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652 and Federal Rule of Civil Procedure 64, because the Collateral is located in California.

36. Firestone is entitled to possession of the Collateral, due to Legner's default under the Loan and Firestone's first priority security interest in the Collateral. *See* Exhibit 1.

37. Legner has failed to surrender the Collateral, despite demand.

38. The Collateral is wrongfully detained by Legner.

39. The Collateral is described in Schedule A to Exhibit 1, and is generally described as video arcade games, crane machines, and bill changers. *See* Exhibit 1.

40. Upon information and belief, the Collateral is located at 970 Tinker Bell Avenue, Big Bear City, California 92314, or such other location as Firestone may determine through discovery.

41. Firestone estimates the fair market value of the Collateral to be $189,000.00, depending on use and condition.

42. The Collateral has not been taken for a tax, assessment, or fine pursuant to a statute, or seized under an execution against the property of Firestone, or, if so seized, it is by statute exempt from such seizure.

WHEREFORE, FIRESTONE FINANCIAL, LLC d/b/a FFC FINANCIAL respectfully requests that this Honorable Court: (a) issue a Writ of Possession; (b) enter an order pursuant to CA CCP § 512.070 directing ERICK L. LEGNER d/b/a SWEET VEND to transfer possession of the Collateral to Firestone, and notifying Erick L. Legner that failure to turn over possession of the Collateral within fourteen (14) days of entry of the order may subject Erick L. Legner to being held in contempt of Court; and (c) grant such other and further relief as this Court deems just.

FIRESTONE FINANCIAL, LLC d/b/a FFC FINANCIAL

By: /s/ D. Alexander Darcy, Esq.

D. Alexander Darcy, Esq. (CSBA # 189315)
ASKOUNIS & DARCY, P.C.
444 N. Michigan Ave., Suite 3270
Chicago, IL 60611
312/784-2400
312/784-2410 (Facsimile)
adarcy@askounisdarcy.com

**VERIFICATION**

I have read the foregoing Complaint and know its contents. I am an officer of Firestone Financial, LLC d/b/a FFC Financial, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: 03/05/2021        By: _____

                                       Steven Principi

                                       VP, Portfolio Management